NO. 07-04-0028-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 15, 2005

_____


IN RE RICK ANTHONY ALCALA AND TASHA ALCALA, RELATORS

_____


Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

## MEMORANDUM OPINION ON PETITION FOR WRIT OF MANDAMUS

Relators Rick and Tasha Alcala seek a writ of mandamus to compel the Honorable John Board, Judge of the 181st District Court of Potter County, to vacate his order signed March 21, 2003, granting the motion of Wonderland Amusements, Inc., d/b/a Wonderland Park, to exclude a medical doctor as relators' expert witness and to vacate his order signed August 21, 2003, which denied their motion to reinstate a deposition and to reconsider the order of exclusion of their expert. Considering the record before the trial court in the underlying case and the rules and principles applicable to the extraordinary writ of mandamus, we deny the petition.

Relators sued Wonderland Amusements, Inc. d/b/a Wonderland Park for personal injuries they allegedly sustained at the amusement park on August 9, 1999. After a video deposition was taken of relators' medical doctor on January 7, 2003, in Dallas as initiated by relators, Wonderland Park moved that Dr. Townsend be excluded as an expert witness. After considering relators' response to the motion and after an evidentiary hearing, the presiding judge of the trial court signed its order dated March 21, 2003, providing that Dr. Townsend may not testify in the case as an expert for relators. Then, on April 17, 2003, counsel for relators filed a second notice of video deposition of Dr. Townsend to be taken in Dallas at 6:00 p.m. on April 28, 2003, which prompted counsel for Wonderland Park to file a motion on April 18, 2003, to quash the deposition of Dr. Townsend contending, among other things, that a second deposition was unnecessary and results in unnecessary travel expense and attorney's fees. In the alternative, the motion asserted that the noticed date was not a convenient date. Relators then filed their motion to reinstate deposition and to reconsider the order excluding their expert alleging, among other things, that the deficiencies in the first deposition could be satisfied by simply asking specific questions which relators assert were not asked at the first deposition. Following a hearing on August 21, 2003, the trial court denied relators' motion to reinstate the second deposition and to reconsider exclusion of their expert.

By their two issues, relators inquire (1) where a treating physician may be excluded from testifying as to the injuries presented by his patients and describing the nature and

2

extent of those injuries, whether the physician's treatment for those injuries were reasonable and necessary and whether the financial charges made for the services were reasonable and necessary, and (2) whether a party is precluded from re-deposing its own expert witness when the opposing party does not prove that the expert is affirmatively disqualified, but only shows that there has been a failure to establish in the record the qualifications of the expert. Before we commence our analysis, we first set out the applicable standard of review.

## Standard of Review

A writ of mandamus will only issue to correct a clear abuse of discretion or violation of a duty imposed by law when there is no adequate remedy by law. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). Also the relator has the burden to present the appellate court with a record sufficient to establish the right to mandamus. *Id.* at 837. Delay, inconvenience, or expense of an appeal does not constitute the absence of an adequate remedy by appeal, but instead

> the relator must establish the effective denial of a reasonable opportunity to develop the merits of his or her case, so that the trial would be a waste of judicial resources. . . . Similarly, a denial of discovery going to the heart of a party's case may render the appellate remedy inadequate.

*Walker*, 827 S.W.2d at 843.

3

We commence our analysis by focusing our attention on the rule that mandamus is available only if relators have demonstrated that they have no adequate remedy by appeal. By their motion to reinstate and to reconsider order, among other things, relators contended:

> 2. [t]he exclusion of Dr. Townsend as an expert witness is not the result of an affirmative showing that he is disqualified to testify as an expert; rather the record before the Court was that there has not been an affirmative showing of a proper predicate for his qualifying as an expert in this case.
>
> 3. The purpose of this second deposition is to establish that indeed there existed . . . sufficient legal and factual basis for Dr. Townsend to testify as an expert for the plaintiff . . .

but that his expert status was denied because of the failure of the record to affirmatively demonstrate a proper scientific basis for his opinions or that the appropriate questions were not asked, and that the reason he did not so testify in his original video deposition was that he was not asked.

By their petition here, relators present similar arguments, asserting:

- Dr. Townsend's status as an expert was denied because of a failure to affirmatively demonstrate a proper scientific basis for his opinions. That failure was not the result of affirmatively demonstrating the lack of such basis; it was the result of a failure to ask the proper questions to elicit such proper scientific basis.

- Dr. Townsend was never asked the medical or scientific standard upon which he based his opinions. Had he been asked, he would have testified that he based his opinions on "reasonable medical probability."

4

- The reason he did not so testify in his original deposition was that he was not asked.

Relators argue that when the "qualification barrier" has been met, Dr. Townsend may testify as to his opinion concerning the diagnosis, causation, etc. Then, they conclude that to block the deposition was an abuse of discretion by the trial court.

The two orders of the trial court in the underlying proceeding do not preclude relators' exercise of other means of discovery. *See, e.g.,* Tex. R. Civ. P. 199.1(b), 200. Accordingly, relators have failed to establish the effective denial of a reasonable opportunity to develop the merits of their case. Therefore, they have not met the second test of *Walker*, 827 S.W.2d at 843, and have not shown a lack of an adequate remedy by law.

Accordingly, relators' petition for writ of mandamus is denied.

Per Curiam

Johnson, C.J., not participating.